FILED
MAR - 4 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

GARY B. WILLIAMS,

Plaintiff,

v.

CARL EASON, *et al.*,

Defendants.

Civil Action No. 3:13CV493–HEH

**MEMORANDUM OPINION**
**(Dismissing With Prejudice 42 U.S.C. § 1983 Action)**

Gary B. Williams, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**A. Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient

"to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Summary of Allegations**

A jury in the Circuit Court for the City of Suffolk ("Circuit Court") convicted Williams of aggravated malicious wounding. *Williams v. Smith*, No. 3:11CV709–HEH, 2012 WL 6725618, at *1 (E.D. Va. Dec. 27, 2012) (citation omitted). In his Complaint, Williams names as defendants: Carl Eason, a judge who presided over Williams's trial in the Circuit Court, and Gregory K. Matthews, the attorney who represented Williams in

the Circuit Court. Williams alleges that Defendant Eason violated Williams's constitutional rights by, *inter alia*, denying Williams's motion to set aside his conviction in the Circuit Court and denying Williams the right to represent himself. (Compl. 3, 8.) Williams further claims that, in violation of 42 U.S.C. § 1985, Defendant Eason undertook his illicit actions

> in furtherance of and to help further the concealment of, a conspiracy by federally contracted Western Tidewater Regional Jail staff in Suffolk, Virginia and local Suffolk law enforcement officials to deprive plaintiff Williams and other minority criminal pre-trial detainees housed in West Tidewater Regional Jail from obtaining equal protection of laws . . . .

(*Id.* at 4.) Williams alleges that Defendant Matthews violated Williams's constitutional rights by, *inter alia*, refusing to file any post-conviction motions on Williams's behalf. (*Id.* at 10.) Williams demands monetary damages and injunctive relief. (*Id.* at 14.)

**C. Analysis**

**1. Persons Not Amenable to Suit Under § 1983**

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that

private attorneys do not act under color of state or federal law when representing clients). Accordingly, Williams's 42 U.S.C. § 1983 claims against Defendant Matthews will be dismissed.

**2. Conspiracy under 42 U.S.C. § 1985**

To plead a violation of 42 U.S.C. § 1985, a plaintiff "must demonstrate with specific facts that the defendants were 'motivated by a specific class-based, invidiously discriminatory animus to [ ] deprive the plaintiff [ ] of the equal enjoyment of rights secured by the law to all.'" *Francis v. Giacomelli*, 588 F.3d 186, 196–97 (4th Cir. 2009) (first alteration in original) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). Because Williams's allegation of a conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." *Id.* at 197 (citing *Iqbal*, 556 U.S. at 679; *Gooden v. Howard Cty., Md.*, 954 F.3d 960, 969–70 (4th Cir. 1992)); *see Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (dismissing conclusory allegations of a conspiracy) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1480–81 (10th Cir. 1990)).

To the extent Williams seeks to allege a conspiracy under 42 U.S.C. § 1983, his amended complaint is similarly deficient. *Ruttenberg v. Jones*, 283 F. App'x 121, 131–32 (4th Cir. 2008). In order to satisfy his pleading burden with respect to a conspiracy, Williams "needed to plead facts that would 'reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.'" *Id.* at 132 (quoting *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir.1996)). "[T]he bare, conclusory allegation that the [D]efendants

conspired to violate his constitutional rights" is insufficient. *Id.* Thus, Williams has failed to adequately plead a claim for conspiracy. Moreover, his allegations regarding a conspiracy are factually frivolous. Accordingly, Williams's conspiracy based claims will be dismissed.

**3. Judicial Immunity**

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this instance. Williams's claims against Defendant Eason will be dismissed.

Accordingly, Williams's claims and the action will be dismissed with prejudice. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 4, 2014
Richmond, Virginia